IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRIAN HASTINGS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-2244 |
| **OCWEN LOAN SERVICING, LLC,** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was filed May 23, 2014, in Maryland state court. (Compl., ECF No. 2.) Defendant's statutory agent was served with process on June 13, 2014. (Stone Aff. July 22, 2014, ECF No. 8.) The state court summons provided Defendant thirty days to answer. (Summons, ECF No. 3.) It is generally accepted that service upon a statutory agent does not trigger the thirty-day removal period under 28 U.S.C. § 1446(b)(1); instead, a defendant must actually receive the process in order to start the thirty-day clock running. *See Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 480-81 (4th Cir. 2004) (unpublished) (citing cases); *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 n.2 (D. Md. 2006). However, the timeliness of removal is not truly a problem here because even assuming Defendant received a copy of the complaint on June 13—the same day as service on the statutory agent, Defendant timely removed on July 14, 2014, which was the first business day after the thirtieth day, which fell on Sunday, July 13. *See* Fed. R. Civ. P. 6(a)(1)(C) (period of days continues to run until end of next day that is not Saturday, Sunday, or legal holiday).

Nor can it be said that Defendant has failed to file a timely answer since its "Notice of Filing of Notice of Removal," which was also filed in this Court on July 14, constitutes its answer by the inclusion of the following statement: "To the extent any responsive pleading is required in response to the allegations made in Plaintiff's Complaint, any such allegations are hereby denied." (ECF No. 4.) *See* Fed. R. Civ. P. 81(c)(2) (setting forth permissible time periods for removing defendant to answer or present other defenses or objections); *see also* Fed. R. Civ. P. 8(b)(3) ("A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial."). No answer was timely filed otherwise, and the Court deems ECF No. 4 as the operative answer. Thus, this case is now ready for a scheduling order, which shall be entered after telephonic conference with counsel. Separate correspondence shall be made for this purpose. Nevertheless, Defendant SHALL FILE a notice of removal that complies with 28 U.S.C. § 1446(a) within seven days of this Memorandum and Order, and upon Defendant's doing so, it will be deemed to be in compliance with the statutory requirements for removal. Even so, Defendant shall also comply with the previously issued Standing Order (ECF No. 6) and file its timely response thereto.

DATED this 23rd day of July, 2014.

                                              BY THE COURT:

                                              /s/
                                              James K. Bredar
                                              United States District Judge